IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

GIORGIO MEDICI

                      Debtor.

1:12-bk-37154-BEM

Chapter 7

BELLAGIO, LLC,

                      Appellant,

v.

JEFFREY K. KERR, Trustee,

                      Appellee.

1:15-cv-237-WSD

**OPINION AND ORDER**

This matter is before the Court on Appellant Bellagio, LLC's ("Bellagio") Motion for Leave to Appeal [2] ("Motion for Leave") and Motion to Supplement its Motion for Leave [6] ("Motion to Supplement").

**I.    BACKGROUND**

On July 6, 2012, Giorgio Medici (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., in the United States Bankruptcy Court for the Northern District of Georgia (the

"Bankruptcy Court").[1] Jeffrey K. Kerr (the "Trustee") was appointed as Chapter 7 Trustee.

On June 30, 2014, the Trustee initiated an adversary action against Bellagio to avoid and recover $258,400 in transfers made by the Debtor to Bellagio between October 7, 2011 and June 1, 2012 pursuant to 11 U.S.C. §§ 548, 550.[2] On August 26, 2014, Bellagio filed its Motion to Transfer Venue ("Motion to Transfer"), requesting that the Bankruptcy Court transfer the Adversary Action to the United States Bankruptcy Court for the District of Nevada on the grounds that: (i) the transfers the Trustee seeks to avoid occurred in Nevada; (ii) the instant controversy is entrenched in Nevada gaming regulations and laws; (iii) a majority of witnesses that would be called to testify currently reside in Nevada and are unwilling to travel to Georgia; (iv) the Trustee can easily hire local counsel in Nevada; and, (v) most of the necessary documentary proof needed to put on a case is in Nevada. The Trustee opposed the Motion to Transfer, arguing that: (i) any documentary proof is likely to be available electronically; (ii) it will be detrimental to the estate for Trustee to hire local counsel in Nevada; (iii) that any witnesses needed to testify living in Nevada would be employees of Bellagio and as such may be

---

[1]  In re: Giorgio Medici, 1:12-bk-37154-BEM.
[2]  Kerr v. Bellagio, LLC (In re: Giorgio Medici), 1:14-ap-5201-BEM (the "Adversary Action").

compelled to testify as party witnesses; and, (iv) Georgia has an interest in the proceeding as Medici chose to file his petition in Georgia.

On January 12, 2015, the Bankruptcy Court, considering whether transfer was required in the interest of justice or for the convenience of the parties, denied Bellagio's Motion to Transfer. On January 26, 2015, Bellagio filed this interlocutory appeal of the Bankruptcy Court's decision, and its Motion for Leave. On March 25, 2015, Bellagio filed its Motion to Supplement.

## II.  DISCUSSION

### A.  Legal Standard

District Courts have jurisdiction to hear interlocutory appeals from bankruptcy proceedings. 28 U.S.C. § 158(a)(3). The standard for permitting interlocutory appeal under section 158(a)(3) is not set forth by statute, and courts look to 28 U.S.C. § 1292(b) for guidance. See Charter Co. v. Prudential Ins. Co. of Am., 778 F.2d 617, 620 n.5 (11th Cir. 1985). The Court will only grant an interlocutory appeal from the Bankruptcy Court if: (i) there is a controlling question of law at issue; (2) there is substantial ground for difference of opinion in that question of law; and (3) the appeal may advance the termination of the litigation. 28 U.S.C. § 1292(b); McFarlin v. Conseco Servs., LLC, 381 F.3d 1251,

1257 (11th Cir. 2004); In re Allied Holdings, Inc., 376 B.R. 351, 358 (N.D. Ga. 2007).

The controlling question of law should be a pure question of law, rather than a mixed question of law and fact that often arises from orders denying summary judgment. McFarlin, 381 F.3d at 1258. The "appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." Id. at 1259. Although the appeal does not need fully to terminate litigation, it must make a substantial step toward resolution of the case. Id.

B.   Analysis

The Bankruptcy Court considered Bellagio's Motion to Transfer pursuant to 28 U.S.C. § 1412, which provides that a "district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties," and Rule 7087 of the Federal Rules of Bankruptcy Procedure, which provides "[o]n motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412 . . . ." See 28 U.S.C. § 1412; Fed. R. Bankr. P. 7087.

The factors a court must consider when deciding whether to transfer a case in the interest of justice in the context of a bankruptcy proceeding include:

(a) The economics of the estate administration;
(b) The presumption in favor of the "home court;"
(c) Judicial efficiency;
(d) The ability to receive a fair trial;
(e) The state's interest in having local controversies decided within its borders, by those familiar with its laws;
(f) The enforceability of any judgment rendered;
(g) The Plaintiff's original choice of forum

Cooper v. Daimler AG, No. 09-cv-2510-RWS, 2009 WL 4730319, at *4 (N.D. Ga. Dec. 3, 2009).  In determining whether to transfer a case for the convenience of the parties, a court must consider the:

(a) Location of the plaintiff and defendant
(b) Ease of access to necessary proof
(c) Convenience of witnesses
(d) Availability of subpoena power for the unwilling witnesses
(e) Expense related to obtaining witnesses

E.g., In re Bruno's, Inc., 227 B.R. 311, 325 (Bankr. N.D. Ala. 1998)

The Court notes that neither analysis is a "pure question of law," insofar as the Court would be required to review the underlying factual record to determine whether the Bankruptcy Court properly concluded that transfer of the Adversary Action was not required by 28 U.S.C. § 1412.  Bellagio, in its Motion for Leave, acknowledges that the issue on appeal is a mixed determination of law and fact, and spends several pages detailing the Bankruptcy Court's alleged factual

mistakes.  (See Motion for Leave at 7-10) see also id. at 4) ("The pivotal issue on appeal is whether the Court's numerous errors in matters of fact and law, as set forth below, require reversal of the Order and transfer of the Adversary Proceeding to the District of Nevada."); (see also id. at 11) ("The Bankruptcy Court committed multiple significant errors of fact and law that deprived the parties of a fair analysis of Bellagio's Motion to Transfer.").  The Court thus concludes that Bellagio's interlocutory appeal does not contain a controlling, pure question of law, but rather a "mixed question of law and fact," which would require the Court to "delve beyond the surface of the record in order to determine the facts . . . ." McFarlin, 381 F.3d at 1258-59.[3]

The Court also notes that the granting of this appeal would not advance the termination of the litigation, or make any substantial step toward the resolution of this case, because if the Court heard Bellagio's appeal, it would only determine whether the Adversary Action would proceed in Georgia or Nevada.  See McFarlin, 381 F.3d at 1258-59.  It would not be a substantial step toward the resolution of the case.

---

[3] Having concluded that no controlling question of law presents itself in this interlocutory appeal, the Court concludes that there is no "substantial ground for a difference of opinion in that question of law."  See 28 U.S.C. § 1292(b); McFarlin, 381 F.3d at 1257.

The Court concludes that Bellagio's interlocutory appeal does not raise a controlling question of law or advance the termination of the Adversary Action, and thus leave to appeal is not warranted.  See 28 U.S.C. §1292(b); McFarlin, 381 F.3d at 1257-59.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Appellant Bellagio, LLC's Motion for Leave to Appeal [2] is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant Bellagio, LLC's Motion to Supplement its Motion for Leave [6] is **DENIED AS MOOT**.[4]

**SO ORDERED** this 13th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Bellagio's Motion to Supplement contained additional factual issues that it believed were relevant to the Court's decision on its Motion for Leave.  The Court, having concluded that the factual inquiry needed to resolve this interlocutory appeal necessitated the denial of leave to appeal, concludes that Bellagio need not supplement its Motion for Leave.